Good morning, counsel, and Mr. Manzo, if you're ready to proceed. Thank you. Good morning. May it please the Court, my name is Joseph Anthony Manzo. I'm from Largo, Florida. I'm ProHopBJ counsel for Mr. Mike DiMichele, who is present today. Your Honors, the Supreme Court in New York City, in New York v. Ferber, said that it and abuse of children. In contrast, the photograph that is the topic of this case creates no victim and there is no crime. It's a legal photograph. Why is it a legal photograph? Because the governing body of knowledge, the governing case in this situation, is the fact pattern of Illinois v. Hollins is eerily similar to this case, almost to the point exactly similar to this case. It is not governing. What's the major difference? The major difference is that in Illinois v. Hollins, Mr. Hollins actually waived the argument that Mr. DiMichele has never waived, and that is that the photograph is protected under First Amendment rights. And the Court in Hollins never really, in fact, accepts that sort of waiver and doesn't really deal with the fact that there is an issue of that nature, correct? Absolutely correct, Your Honor. In fact, the Court in Hollins never did mention the governing case, which is U.S. v. Stevens. The dissent does with some frequency. Exactly. In fact, I would maintain that the dissent actually provides the road map by which a case like this, and in our situation the same case, same fact pattern, should be analyzed. Here, you didn't argue violation of constitutional rights. You only argued the protected speech, correct? We argued that the law as applied to the facts of this case is unconstitutional, yes. We didn't argue what they did in Hollins, which was due process and equal protection. That has been conclusively decided by the Illinois Supreme Court. Although the dissent would say not correctly, but still it is at this day and it has been decided conclusively. At least for that, yes, Your Honor. And once you're, you know, the whole issue is once you get into the rational basis review for strict scrutiny, the law will survive rational basis. I can see that right now, and we know that from the Hollins case. That's not the way to look at it. The way to look at it is under strict scrutiny. And when you look at the law under strict scrutiny, the stated objectives of the law, which is protection of a child's reputation, this is from the Illinois legislature, protection of a child's reputation and the convenience in law enforcement, those are nice, those are wonderful, but that is not where we were at when we were talking about U.S. v. New York, which is the exploitation and the abuse of children. Are we limited to those two goals that you just mentioned? No, Your Honor. But what happens is when we have a content-based law like we do here, where it's excluding all child pornography, it's incumbent on the state to justify that. It becomes unconstitutional. It's the state's job to justify it. It's not mine. I've put out some examples of why I think it fails in a strict scrutiny environment. But, you know, it's a simple thing. We have a dichotomy here where we have age of consent in Illinois is 17. It's 18 for taking a photograph. I took just the places that I was licensed to practice in, some of the places I'm licensed to practice in. New Jersey, it's age of consent of 16, 18 for the photograph. New York, the land of fervor, 17 for the age of consent, 17 for the photo, or 16 for possession of the photo. Then the other two places I practice in actually have it matched up, which is the right way to do it. Tennessee and Florida, 18 and 18. That's the federal law also. Well, the bottom line is most people, though, would look at this photo if it were accessible, and that's one of the issues that Hollins talks about. That's one of the issues that to be obscene, and obscenity is not a protected First Amendment right, correct? Obscenity is not a protected First Amendment right, and this is not something that Mr. DeMichiel was charged with. He was never charged with obscenity in this situation. And the penalty, if he were, and I'm not going to concede that it is obscenity because, again, this was a consensual photo from two gentlemen. Again, Hollins facts are the same. He said it was heterosexual. This is a homosexual relationship. These two gentlemen had an intimate relationship. If it weren't for the court, they would still be in that relationship, this memorializable, loving relationship. So it wasn't gratuitous pornography. That was for the purrient interest. I don't know that it would even hit the, you know, is it patently offensive against the community standards rule. What's the basis? I mean, what is the reasoning behind, you cited all these different laws in all these states in which you practice. What do you think the basis is, the reasoning is for these laws? I'm not sure I understand. Who are they protecting? Well, the law is absolutely designed to protect the child, but the situation comes in, we have a situation where we have to look at the law under strict scrutiny. And we need to see that a child of 17 who is conscious and makes a conscious decision to have sexual relationships. Did you make any conscious decisions when you were 17? Did I? I probably did, yes. You. I did. Actually, I'll say it on the record, I was one of those who was actually asked until I got married, I was a devout Roman Catholic. You're an old soul. I'm probably one of the few. I'm not sure that's the issue, because if we're going to get technical, and this is where we do have two men here, a youthful person's brain, as in a young man's brain, is not totally mature, if you believe the science, until they're 26 or 27. So about 40. Well, that's another issue. But 26 or 27. So I'm not sure that the age here invokes any sense of maturity. It is what they said. Because they believed that a 17-year-old should be protected, I assume. And, again, on a rational basis, does it, again, need protection? This is a child who's able to, or a young man who's in this situation, able to make a decision to have consensual sex. And let's face it, the sex itself, the act of the sex, has far greater consequences than the photo. I just ran from neighbor and won in my hometown. I wouldn't want a photo like this around at any age. I don't think they're personally a good idea. That's true. And isn't that the reason why you also said, well, they were engaged in a loving relationship. For now, for now, it's a loving relationship. How about six months, seven months down the road when it's no longer a loving relationship and there's this photo out there? Isn't that the reason why these statutes are written the way they're written, the way that you said each state has one? Isn't there a reason behind it? Again, I'll concede that the reason is the intent to try and protect the child. But we've seen nothing that says, and to Justice Spence's point, who could use the same logic to a 40-year-old? I don't know that you should ever have these photos. And I'm not a sexual prude. But I don't know that these photos should ever be out there. I don't think anything good comes from them personally. I can't see it. So I don't think they should be memorialized. With that said, that protection of the representation doesn't trump the First Amendment right to create it, if that's what you wish to have. There are laws on the book that protect the date black, this type of black veil on the Internet. It is a popular thing. There are laws that protect that. Also, we talk about the ease of enforcement. Well, there's a slippery slope there. Everything's ease of enforcement. We could just obliterate the Fifth Amendment right. Why should you have counsel? Why should you have the right to remain silent? It's always going to be ease of enforcement if we make things easier, if we make the age lower. The fact that all the states, not all the states, but a lot of the states have different ages tells me that there is no empirical evidence. Certainly the states didn't present anything in its rebuttal to try and justify this law. So I don't know that there is anything officially out there that says 16 is the right age, or 17 is the right age, or 18 is the right age. Again, maybe 40 is the right age. Maybe some people should never do something like this, but that doesn't mean we get to make, or the state gets to make a First Amendment law that impinges your ability to create this stuff. Why is this case similar to Stevens, which, of course, dealt with a different situation, but why is it similar to? It's actually, the topic of Stevens was about crush videos. It actually has nothing to do with the factual holdings of this case. What the government was trying to do in Stevens was they were trying to create a new category, animal cruelty, and it really was to target the sexual crush videos, which are a fetish-type thing. Which is sexual in nature, so there is some element of sex involved. Exactly, and that's what they really were trying to do. Unfortunately, in their broad sweep of the law, they wound up banning things like hunting videos and other things that were perfectly legal. The way the law read was that if the activity was illegal in any state, it would be illegal on a federal basis. I can only imagine that it might be legal to hunt bear up in Alaska, but you might not be allowed to do that in Washington or in Maryland or something, and then all of a sudden you have this video. Well, more importantly, you could hunt the bear in Alaska, but you couldn't bring the picture to Washington, D.C. of your conquest because you would then be in violation of this law where hunting is not allowed of any nature. Exactly, and that wasn't what the law was intended to do. In trying to create the new category, that's where Stevens becomes so doctrinally important for this case because it was in the government's attempt to try and create a new category where Justice Roberts came back and said, we did not create a new category. They relied upon fervor as their justification, and they said, fervor was not your justification. This didn't create a new category. But the category that was proscribed by fervor was a longstanding category, and that was speech incident to the commission of a crime. It wasn't a new category. So child pornography was not considered a new category. And if child pornography was a category, they wouldn't be able to, the Supreme Court wouldn't be able to reconcile the decision that happened right before that in the Ashcroft v. Free Speech Coalition, where we had virtual child pornography. There were no human actors in any of the scenes, the cartoons and drawings and stuff, and they knew that that was okay. So it wasn't considered child pornography that they were so much against. It was the protection of the children, and the protection of the children went to the exploitation and the abuse, not reputational harm. Because, again, reputational harm could apply. I'm 60 years old. It could apply to a 60-year-old. It's never a good idea probably to have this, but that's not a First Amendment right. That doesn't get to trump the First Amendment rights. Now, in Stevens, they talk about that it has to be an integral part of conduct in violation of a valid criminal statute. Who says? Now, in this case, the state argues that he was in a position of trust, and your response is, well, that wasn't charged. And so in the Stevens case, it says it has to be an integral part of a conduct in violation of a valid criminal statute. Where does it say they have to be charged with that criminal statute? Stevens doesn't say that, does it? No, it doesn't. But what we're here for is post-conviction relief for what he pled guilty to, which was count three of the indictment, which was production of child pornography. The state dropped the sexual charges for the abuse and aggravated sexual assault and sexual assault. Those were dropped. I consider it part, and I just hate to slam a fellow member of the bar, a person who was actually helpful to me when I was trying to get here, but he didn't do a real good job about that. He argued this whole thing about authority. It had no point on it. It's not part of the elements of what the PCR was. Post-conviction relief was on count three, production. Yeah, and that's my question to you. Then you're just sticking with what had to be charged. Okay. Well, what had to be charged and what he pled guilty to. If there's going to be fact-finding regarding that, and again, I hate to slam a fellow member of the bar, but there was a lot more that could have been done. That individual, if you want to call him the victim, the young man, K.E. in this situation, could have been brought to court, and there were other documents that would have showed that there was no position of authority. Was this pled? It was pled, yes, Your Honor. So wasn't it part of a negotiation? It was part of a negotiation, yes. I was not the counsel that handled the plea, but it was part of a negotiation, and those charges were dropped. So, again, why there was even discussion of it and why there was so much discussion of PCR, I think, again, goes to counsel's ineffectiveness. He should have spent that time focusing on the case. There was no objection to that? You're saying there was no objection to that by the defendant's attorney? The defendant's attorney's alignment. The defendant's attorney was the person who brought it in, yes. He actually was the one. Yes, he was. Okay. It was his motion that he spent an ungodly amount of time discussing it. And K.E. has, even though there was conversation with the parents of K.E. that he was going to work for Mr. DeMichel, there never was an employment relationship, there never was a mentoring relationship. K.E. says that rather categorically in affidavit and otherwise, correct? That's true, Your Honor. And even in the affidavit that hasn't been presented to the court because counsel felt it might have been a little bit insulting to the court, K.E. was a young man and made a couple of comments in there about the court, and the counsel felt that the court might be offended. I would have showed it with the apologies to the court because I think it did conclusively say that there was absolutely no relationship whatsoever in terms of employer-employee. But that was a representation made to the parents, though. Yes, it was. And it was the way to get them to spend their time together. And I'll point out that the parents also did not know that K.E. was homosexual. I think to this day it's not something that they accept. Your Honor, I want to point out that in the PCR hearing, the court, the lower court, the PCR court, You may complete your thought. the lower court made some significant errors in that it analyzed the PCR motion was based upon the constitutionality as applied to the facts of the case, and they looked at it on an overbroad analysis. That's not the way it should be looked at. It's not the way, really, to approach this. So they didn't analyze it the proper way. They also utilized Hollins as a basis to say that there would have been no constitutional change. I've written about 50 pages saying that Hollins isn't the case to use, that the right case to use is Stevens. And they were aware of Stevens. Again, I'm going to give that court some sort of leeway because that was never briefed for them, and I could understand that this is a very complicated issue for the professor. There should have been a brief written. So, again, counsel, the lower, the PCR counsel, really wasn't performing up to the proper standards. All right. You will have an opportunity to reply if you choose to. Your time is up at this point. Thank you. Thank you. Mr. Rogers. You've inherited this case from Mr. Stevens? Yes, Your Honor. Well, good morning. Good morning, Your Honors. Counsel, may it please the Court, my name is Steven Rogers, and I represent the people of the State of Illinois. And, Your Honors, I'll start with Stevens, which is the primary case relied on by defendant's counsel. And in Stevens, it was an overbreadth case, and that required the defendant to prove that a substantial number of the applications of the statute were unconstitutional in comparison to the plainly legitimate suite of the statute. That's one distinction. It was not an as-applied case. They were looking at how many areas the statute reached in an unconstitutional manner. The other and more glaring distinction is that it was an animal cruelty case that included within its definition hunting, essentially. And as was discussed earlier, all sorts of acts of hunting are perfectly legal in one jurisdiction, illegal in another. And so the statute reached an expansive amount of constitutionally protected species. We do know, even if you and we as the Court are entitled to look at the Internet and look at certain things that are before us, there have to be places where the law is either 17 and 17 or 18 and 18, as well as 17, 18, as counsel indicated, 16, 18 in some places. So we have a wide variety of applications of this particular type of law that it would seem need some sort of address. Yes, Your Honor. The State's position is child pornography can encompass any definition of sexual conduct of a minor, which I believe is universally recognized as an individual under 18. Now, when we talk about individuals under 18, the State admits the law treats minors in such a wide array of areas that it's hard. You know, in some instances we're giving 15 and 16-year-olds a lot of rights and others we don't. They can't vote until they're 18. They can't marry until they're 18 unless they get parental consent at an earlier age. But specifically, this State has allowed a 17-year-old to consent to sexual contact. Yes, Your Honor. It doesn't make any difference if it's heterosexual or homosexual. Absolutely, Your Honor. All right. Is there a reason to have a lower age for consent than the age to record the sexual activity? Is there a reason for that? Well, Your Honor, there are at least a couple reasons stated in the Hollins in that most juvenile, at least according to Illinois Supreme Court, recognize the concrete ramifications of the sexual act itself, whereas they're not always aware of the peripheral ramification of video, which, as was discussed, you know, if at 16 or 17 you're in a relationship and you're out the next week, that depiction is still there. And that's why we have statutory authority to allow for prosecution of what we commonly call revenge pornography, correct? Your Honor, I'm not sure in Illinois, and I believe it's pretty widespread at this point for the revenge pornography. Well, and does that reason survive scrutiny? Well, Your Honor, as I said earlier, if there is no First Amendment right to photograph or video a 16 or 17-year-old, then it wouldn't get to strict scrutiny. But I will say in fervor, the reasons given in fervor for making child pornography an unprotected class still survive, and that is that states are entitled to a greater leeway in the regulation of pornographic depictions of real children. The state has a compelling interest in safeguarding the physical and psychological well-being of a minor, and the reporting of the act still becomes a permanent record because the legislature has determined that the individuals will not understand or may not understand the ramification. Well, two of three of those, the first two of three, we're not treating the 17-year-old as a child, are we, according to the statutory authority? Well, under the child pornography statute, we are, and under the... But under the assault statutory authority, he would not be considered a child, would he? No, Your Honor, except with the trust authority and supervision exception. So even in that... And that doesn't exist in this case, correct? Not under the specific count that the defendant pled guilty to. And that's the only thing we can really consider, correct? He didn't bring any argument on the other issue because he only pled guilty to this charge. Yes, Your Honor, under this charge, the state had no burden to prove that the defendant was in a position of trust authority or supervision in relation to the minor. And now that we've discussed that, I forgot the first reason you cited. What was the first one? Well, from far worse, states are entitled to greater leeway in the regulation of pornographic depictions of children. All right, well, it says pornographic depiction of children. Is this K.E. a child or is he not by the laws of the state of Illinois? He's a child under the child pornography statute, and I believe he's a child until he's 18 in kind of the universal outlook of children. Well, the problem is we want to charge him when he's 17 for criminal offenses, so we have to reduce some things. But so we want him to be an adult. We say he understands the consequences of his actions. If he does something wrong, we can prosecute him. So why can't we treat him as a non-child or as a youthful person, whether he's a child or not, under this statutory authority that allows consensual sex? Your Honor, the legislature made a determination. As I said, the legislature treats children in so many different ways that, I mean, it's hard to maybe always coalesce those different viewpoints, but that's a legislative decision. And then on the flip side is, is the legislature constitutionally prohibited from prosecuting or making a crime photographing an act that is not illegal in itself. That's kind of the flip side and what has to be accepted for the defense's argument. And no court, as far as the state has found, has held that only photographs of criminal acts are unprotected in the First Amendment. And the criminal act is the actual photograph, but they're not conducting a criminal act in the photograph, are they? They're not engaging in a criminal act in the photograph. Not under the count that was pled guilty to murder. Well, under the statute, under the statutory authority for the two. It's not a criminal act to have sexual or consensual sex at the age of 17. As long as there's no position of trust before the supervision. No, that brings us back to the same question that I asked Counsel Mr. Manzo. In U.S. v. Stevens, they talk about the act being one that must be an integral part of conduct in violation of a valid criminal statute. How do you respond to that in this case? Because there is not a different statute whereby he was criminal. Like if he was charged with a violation of trust in that statute with the sexual conduct. And then you brought the pornography. Does it have to be charged? Your Honor, I don't think so. And Stevens is basically rejecting the state's argument that we should do a balancing test. And we kind of say, well, this is the societal value of the piece in relation to how else that message could be conveyed. And they're rejecting it. They're saying we don't create these categories based on what we think the value of that speech is. And they do discuss further. But, again, no case is taking Stevens and saying, as a concrete matter, any depiction of a non-criminal act is protected by the First Amendment. And that's at least a minor step a court would have to take. And no court that the state has found has done so yet. So the Hollins case, as Mr. Manzo points out, it are really on all fours with this case. Factually, yes. Factually, they are. Stevens was out there at the time the Supreme Court ruled on Hollins, was it not? It was, Your Honor. And at least the dissent says the majority should have looked at Stevens, and apparently defense counsel in that case did not present the First Amendment argument. Well, you know, in Stevens, the court says as a free-floating test for First Amendment coverage, that sentence is startling and dangerous. And this is about? The balancing test. The balancing. Why? I mean, with all due respect, you've talked about how the legislature treats children all different ways. Why isn't that a similar fleet? Boy, that one's a hard one to say. Free-floating argument about the treatment of children. Well, the state's argument here is not that we're looking at the societal value of the act. It's that the child pornography statute is in place to protect the psychological and physical well-being of minors. Primarily more, I guess, psychological in the sense that if a relationship ends, even though you do have the revenge statutes, that picture's out there. And maybe the minor, you know, would be concerned down the road that this picture of them as a 17-year-old Illinois or a 16-year-old in some states could potentially get out there to employers, family. Well, I agree with Mr. Manso that I see absolutely no purpose in a photograph of that nature. And maybe that's what the law should be. Never, ever. Of course, you know that won't withstand. So that's not going to happen. But doesn't the law have to meet not a free-floating argument, but a solid strict scrutiny assessment? No, Your Honor. And it's just because child pornography within the state's position is sexual conduct of a child under the age of 18, regardless of what other aspects of the law, how they treat the minor, that child pornography is any sexual act depicted of an individual under 18 years of age. And I have some concerns about how you would work this because, as counsel discussed, you have some states where the age of consent is 16, some where it's 17, and some where it's 18. And so from a federal constitutional perspective, you would have the First Amendment right to photograph a 16-year-old in one state, a 17-year-old in another state, and an 18-year-old in another. And the Constitution would not protect you from a First Amendment perspective. So it's not a lockstep in each state? It would absolutely not be, Your Honor. But in large part, defense is relying on the federal Constitution as interpreted by Stevens. And I think the fact that so many states treat this in different ways under the proposed test that if the underlying conduct of the law is protected by the First Amendment, I think would certainly maybe then would raise an equal protection issue in that you would have the First Amendment right in one state and not the other. Well, then wouldn't the solution to this for Illinois be, as it is in a couple other states, let's just change all of the sexual assault, criminal sexual assault statutes to a reduced age of 17. Then we don't have any problems. Your Honor, that certainly from a legislative perspective would be maybe the right move. It would remove a lot of confusion. But the legislature, for one reason or another, has opted to treat these criminal acts in different ways. Basically because they want, I mean, one of the ways to look at it is they want to charge people 17 years of age with adult criminal charges, correct? That's one of the reasons this probably happened. Or is it because they know the long-term ramifications of a video or a photograph that is going to last a lot longer than a minor's relationship? Well, and that's the state's position, Your Honor. Obviously, in that this does not make the prosecutor the individual's underage, and it's not to say it couldn't happen. I mean, you know, from a legislative perspective. Yeah, they're not charging the minor. No. He did take some of the alleged photos, though, didn't he? Wasn't there some evidence that he took some photos, too, or was this? I've had several different cases of this nature. I'm trying to remember. Did he take some photos? I'm not sure, Your Honor. I mean, because it was a guilty plea, we got very little of the factual basis. I certainly don't dispute that it was a consensual relationship, consensual photo taking. But otherwise, I don't know exactly who was taking the picture. If the court has no further questions, the state respectfully requests that this court affirm the property. Thank you. And thank you for stepping in, Mr. Rogers. All right, Mr. Manzo, do you have any reply? I do, Your Honor. All right. He didn't come all the way from Florida not to take his photos. That's true. And it's lucky you weren't here last week when the snow was still melting. I don't know what snow is like anymore after leaving New Jersey. It's kind of like Florida. Thank you for admitting me here to New York. Excuse me, Illinois. Oh, not New York. Actually, if it was New York, we wouldn't be here because New York is 17. So I think if I heard counsel correct for the state, any depiction of a non-criminal act is not protected under the Constitution. Every depiction of a non-criminal act is protected under the Constitution. And I'll take it one step further being a defense attorney who dealt with many, many cases. The police love when you take pictures of even criminal acts. The only time that you have a situation, the only time it's criminalized to take a photograph is in the area of child pornography. That's the only time. And I thought about this. I read it in a law review, and I couldn't find it or couldn't think of another area where it's illegal to take a photograph. So that's that. In terms of whether we should be protecting the child, we must remember that this is a content-based regulation, this law, and it's presumptively invalid. We know that Stevens eliminates any notion that there's a special category of child pornography. It's not a category per se. It's speech incident to the commission of a crime. We also agree that there was no crime here. To answer Your Honor's question, I guess, counsel, it was consensual and it was requested, I believe, by the child in this situation or the young man in this situation. But it was consensual. They both wanted the picture. The laws must be narrowly tailored and necessary to achieve a goal of compelling importance such that no less restrictive alternative measure would suffice. We just need a less restrictive way of doing this. Just sync up the ages. Make it 17 and 17. Or, if necessary, raise the age of consent to 18. Make it 18 and 18. That's what some states have done. That's less restrictive. In terms of education, I understand that children may not be educated. And, again, this goes to adults, too, about the ravages that these things can cause. The educator, the same way they educate them on sex ed and the same argument that was used in the Hollins majority that they learn in school or through their parents, they can equally learn here. As a matter of fact, my client is actually working right now with a legislator, one of his legislators, to introduce this into the legislative session next year. This could be part of the sex ed curriculum. I suppose one of the concerns here is a trend that has happened rather widely, sexting, which is certainly not, it usually involves the person taking the picture and then sending it off. Now, we know adults can be convicted of that. I think there was a state rep or not a state rep, a congressional rep from New York who was famous for that. Speaking of New York, does this have any relationship to that issue and trying to curb that issue? It actually does because in some of those situations you have two individuals who may be actually under the age of consent. You have a mix sometimes of the different ages. So, yes, it's the same type of issue. If this was like the obscenity law where it's a fine and maybe a short term of community service or even incarceration, that's one thing. This carries with it lifetime baggage. This kind of charge affects your entire life. There's a big difference, and I've said this, between consensual sex and exploitive sex. That's what we have. We don't have exploitive sex here, exploitive photography. We have consensual photography that memorialized a loving event, and it's a big difference over here. Does the statute differentiate between exploitive sex and loving sex? It does, Your Honor, only to the effect that it has to be speech incident to a crime. So if you have a loving relationship, a consensual relationship, there's no crime there. Oh, well, if it's a 15-year-old with a 30-year-old, you do. Again. Whether it's a loving relationship. Yes, let me say it. If we're in Illinois, and we'll keep it just with Illinois, if we're below the age of 17, there's no argument whatsoever that it's going to be illegal under every circumstance because no matter how much love there is, it's illegal because the age of consent in this state is 17. Issue two also is with these photographs of the age of consent. There is no universal agreement. We do have. We have New York at 17. We have other states 18. There's no agreement on here. There hasn't been any empirical data. The state no doubt cannot furnish empirical data because there is none. No one's ever studied if a 17-year-old needs protection, and for that matter does a 37-year-old need protection. Why do we change the laws with respect to sentencing minors and the different statutes that now are protecting so-called minors from lifetime sentences or de facto lifetime sentences? And all of those cases discuss the brain of a 17-year-old or a 16-year-old, don't they? I would agree that. There's a basis for that. I would agree. But I also would argue that there's 35-year-olds. There was a famous quarterback on the Packer. May I continue? Go ahead. The Packer quarterback was sending pictures when he was married of his private parts to a cheerleader. He was in his 40s. You don't have any Packer friends on this stage, so don't worry about it. That's a good idea. But there's only rumors. But I'm sure there were many people who have done that without it being a rumor, and it's, again, never a good idea. So where does the protection stop? And the answer is protection shouldn't be on it. That's not what the function is. Is there a requirement for us to protect somebody who's over the legal age? Why would a statute protect a 35-year-old in a case like this? I believe the law in Illinois, only if there's a situation where there's a mental disability does it actually kick in where there's protection. In closing, Your Honor, if there's no other questions, I just wanted to ask the Court that we're asking that the conviction be reversed in this situation, that the case, if necessary, be remanded to the state, which is due to sue any of the other charges that they have previously dropped. And there was manifest error by the lower court. I think we've proven it constitutionally and also with them just not even analyzing the case correctly, in addition to counsel just not living up to the standards that are required of a competent attorney. Thank you very much for your time and consideration. Thank you. Thank you, gentlemen, for your arguments this morning. We will take the matter under advisement. We will issue a decision in due course, and we will stand in a short recess to prepare for our next case.